NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN A. LEANNA,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7101

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2561, Judge Lawrence B. Hagel.

---

Decided: November 7, 2013

---

STEVEN A. LEANNA, of Iron River, Michigan, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and CHRISTINA L. GREGG,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## DECISION

Steven A. LeAnna appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans Appeals ("Board") finding no clear and unmistakable error ("CUE") in an April 1983 Department of Veterans Affairs ("VA") Regional Office ("RO") decision that denied entitlement to VA benefits for softening of the cartilage in the knee ("chondromalacia"). *LeAnna v. Shinseki,* No. 11-2561, 2013 WL 1694785 (Vet.App. Apr. 19, 2013). We *dismiss* for lack of jurisdiction.

## DISCUSSION

### I.

Mr. LeAnna served on active duty in the U.S. Air Force from February 1982 to July 1982. Throughout June 1982, he was treated multiple times for knee pain; eventually, he was diagnosed with chondromalacia. Shortly thereafter, Mr. LeAnna underwent a review by a medical review board, which recommended "[d]ischarge from the service by reason of physical disability which existed prior to service . . . and has not been aggravated permanently thereby." *LeAnna,* 2013 WL 1694785, at * 1. Mr. LeAnna was discharged from the Air Force in July 1982.

In January 1983, Mr. LeAnna filed a claim with the VA for compensation for chondromalacia, which he indicated had existed since 1982. In April 1983, the RO denied Mr. LeAnna's claim. The RO concluded (1) that the presumption of soundness at induction was rebutted

by medical evidence that Mr. LeAnna's knee condition existed prior to service; (2) that the evidence of record failed to show any aggravation during service beyond that which would normally be expected; and (3) that there was no evidence of any in-service trauma to Mr. LeAnna's knees. Mr. LeAnna did not appeal the RO decision. It therefore became final.

In April 2006, Mr. LeAnna sought to reopen the April 1983 decision on the ground that it was tainted by CUE. In October 2007, the RO denied the claim, after which Mr. LeAnna appealed to the Board.

On April 21, 2011, the Board issued a decision concluding that there was no CUE in the RO's April 1983 decision. The Board determined that the RO had "reasonably based its decision . . . on the June 1982 in-service medical examination report, in which the examiner specifically found that [Mr. LeAnna's] bilateral knee disorder manifested prior to service and was not aggravated beyond its normal progression during service." *LeAnna*, 2013 WL 1694785, at * 3. Mr. LeAnna appealed to the Veterans Court.

On April 19, 2013, the Veterans Court affirmed the Board's denial of Mr. LeAnna's CUE claim. The court reviewed the Board's decision that there was no CUE in the April 1983 RO decision to determine whether it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 38 U.S.C. § 7261(a)(3)(A), and whether it was supported by an adequate statement of reasons or bases, 38 U.S.C. § 7104(d)(1). The court concluded that neither of Mr. LeAnna's assertions of error in the April 1983 RO decision—that the in-service medical opinion was insufficient to rebut the presumption of soundness or that the RO improperly weighed the evidence—was sufficient to support a finding that the decision contained CUE. *LeAnna*, 2013 WL 1694785, at * 4.

## II.

This court's ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. LeAnna argues that there was CUE in the 1983 RO decision because (1) he passed his induction examination with no need for any waivers; (2) he injured his knees in basic training when he fell; (3) the VA had a list of all of his doctors when he entered the service, "so if there was a problem before service, they would have found it"; and (4) Dr. James B. Eaves, who examined Mr. LeAnna in June 1982, "never stated what he based his opinion on."

As the preceding paragraph demonstrates, Mr. LeAnna's claim that the Veterans Court erred in affirming the Board's denial of his CUE claim is based on factual arguments: (1) that the RO failed to take into account the fact that he passed his induction physical examination; (2) that the RO failed to recognize that his chondromalacia resulted from a fall during basic training; (3) that, because the RO had a list of the doctors who treated him before he entered the Air Force, it should have been able

to determine that his chondromalacia was service-connected; and (4) that the opinion of the doctor who examined him in June 1982 did not provide an adequate basis for the RO's decision. As stated above, we lack jurisdiction to consider these arguments.

## III.

Because Mr. LeAnna's arguments on appeal are fact-based, they are beyond our jurisdiction. The appeal is therefore dismissed. *See Bastien v. Shinseki*, 599 F.3d 1301, 1305-06 (Fed. Cir. 2010) (lacking jurisdiction because the merits of the appeal involved the review of factual determinations).

Each party shall bear its own costs.

## DISMISSED